## STATE v. BEENY et al.

No. 7116.   Decided March 1, 1949.   (203 P. 2d 397.)

See 23 C. J. S., Criminal Law, sec. 980; 53 Am. Jur. 667. Right of court to instruct in absence of counsel, note, 84 A. L. R. 220.

*Ray S. McCarty,* of Salt Lake City, for appellants.

*Grover A. Giles,* Atty, Gen., for respondent.

McDONOUGH, Justice.

Defendants were convicted of the crime of rape. On this appeal they contend: (1) That there was not sufficient evidence of force to constitute rape. (2) That the trial court misdirected the jury, particularly on the matter of included offenses. (3) That the trial court erred in failing to answer the question of the jurors on request for clarification.

On the first contention appellant argues that the story of the prosecutrix is such as not to be worthy of belief. Defendants admitted having sexual intercourse with the prosecutrix. They testified that she not only consented, but agreed thereto for a price, and that her charge of rape was made after it was learned that defendants did not have sufficient funds to pay the sum she demanded. The acts of intercourse took place in the front seat of a 1937 Chevrolet sedan. There is evidence that the prosecutrix was a woman of unchaste reputation. It is not disputed that she drank beer at a tavern with defendants during the evening in question; that one of the defendants took, or attempted to take, some liberties with her, and that there-

after she went home and later returned to the car of defendants while a tire was being repaired, knowing that she would be alone with two men with whom she was scarcely acquainted, and who had been drinking.

Appellants contend that the account related by prosecutrix was so highly improbable that it was not entitled to credence. They argue that the acts of sexual intercourse occurred in the front seat of a 1937 Chevrolet sedan, and that said acts could not have been accomplished without cooperation. While there are some aspects of the story related by prosecutrix which seem somewhat improbable, yet, there is sufficient evidence of force and violence in the accomplishment of sexual intercourse without consent on her part to justify submission of the case to the jury. Defendants point to the fact that she had a reputation for unchastity and immorality. But prior unchastity does not compel an inference of consent. Such reputation and disposition for immorality merely constitute some circumstance which indicates some likelihood that she consented as claimed by the defendants, but the court would not be warranted in taking the case from the jury under the facts as related by her. Detailing of her testimony would serve no useful purpose. Suffice it to say that if believed by the jury, it was such as to justify the verdict rendered.

We shall discuss the second and third contentions together. After the jury had deliberated for more than two hours, the members of the jury returned to the courtroom, and the jury foreman stated:

"We would like to know this, your Honor: In view of the fact that they admit—or speaking of the defendants—admit having committed sexual intercourse, can the jury consistently—and we have underlined that—find them guilty of a lesser charge of [than] rape, which would be either of the two other included offenses?"

The court endeavored to contact counsel for both sides, but failed to get in touch with defendants' counsel. The judge then stated that "the court is not permitted to re-

instruct you in this case." He asked the foreman if the jurors had difficulty in understanding the meaning of any instruction, and the foreman answered:

"I don't think so, your Honor. I think we are fairly clear on the instructions, *other than in the one set of circumstances that we outlined in the question.* We realize that there are alternatives in the possibilities—that is, several possible verdicts, let me put it that way."

The court then stated that if there were no difficulty in understanding the instructions, the matter was not for the court but for the jury to decide, and directed the jury to attempt by further deliberations to arrive at one of the verdicts stated in the instructions. Several hours later, the jury returned a verdict of guilty of rape against each defendant.

Appellants contend that the court should have given requested instructions and to have refrained from giving a portion of instruction No. 5, on the ground that the jurors became confused. Counsel argues that since the defendants admitted having sexual intercourse, that the court should have made it clear that the question to decide was whether or not such sexual acts were by force or with the consent of prosecutrix; and that having given instructions which ignored the admission of sexual intercourse, when the jury returned for clarification, the court should have stated that under the instructions, in view of the fact that rape involves sexual intercourse without consent, that defendants could be convicted of one of the lesser offenses *consistently with the instructions given.*

The court's instruction No. 5 reads as follows:

"Before you can find the defendant, Jack Dean Beeny, or the defendant, Roy Wilbur Franklin, guilty of the crime of rape, as charged in the information, you must believe from the evidence beyond a reasonable doubt each and all of the following elements:

"1. That the defendant on the 24th day of February, 1947, in the County of Salt Lake, State of Utah, did accomplish sexual intercourse with one Pearl ............•

"2. That the said Pearl ............ was a female not then and there the wife of either of the defendants.

"3. That said act of sexual intercourse was accomplished against the will of and without the consent of said Pearl .............

"4. That said Pearl ............ resisted the said act of sexual intercourse, but her resistance was overcome by force or violence exerted by said defendant.

"You are instructed that the word 'resistance', as used in these instructions, does not require that the said Pearl ............ should have made the uttermost resistance. The law requires that the woman do what her age, strength, the surrounding facts and all attending circumstances make it reasonable for her to do in order to manifest opposition to the act of sexual intercourse. Mere objections in words, or such objections coupled with some resistance are not enough to make the acts of the accused or either of them constitute rape. The resistance required by the law is such resistance as the said Pearl ............ was capable of making at the time and under the conditions there existing."

Under the evidence, elements one and two were not in dispute. The issue calling for deliberation upon the part of the jury was whether the prosecutrix resisted and such resistance was overcome by force exerted by defendants. Nevertheless, error cannot be predicated upon including elements one and two in the charge. It is clear from the question propounded by the foreman of the jury, hereinabove set out, that no confusion resulted from their inclusion.

Nor do appellants contend that the last paragraph of the instruction does not correctly state the law in this jurisdiction relative to the degree of resistance which must be shown to support a conviction of rape, as laid down in the case of *State* v. *Roberts,* 91 Utah 117, 63 P. 2d 584. They do, however, insist that the first sentence of such instruction stating that the law does not require the uttermost resistance upon the part of the alleged victim, tended to minimize the manifestation of lack of consent which the law requires, and that if the giving of such instruction was not in and of itself prejudicial, such instruction reveals the clearly prejudicial error in the failure of the court to give an added clarifying instruction in response to the question asked by the jury.

There is merit to the position taken. We are not unmindful of the dilemma faced by the court in being requested to further instruct the jury in the absence of defendants' counsel. It may be pointed out in passing, ■ that in the circumstances it would not have been error under the Criminal Code so to do, since at the time in question the defendants were present in court. Section 105-33-3, U. C. A. 1943, provides:

"After the jury shall have retired for deliberation, if there is any disagreement among them as to the testimony, or if they desire to be informed on any point of law arising in the cause they must require the officer to conduct them into court. Upon being brought into court, the information required must be given in the presence of, or after notice to, the prosecuting attorney and the defendant or his counsel."

Assuming that the trial court was of the opinion that despite the statutory provision, the defendants were entitled under the Constitution to have counsel present when the jury returned into court, and that defendants and their counsel had not waived the latter's presence, ■ then in the premises the court should have delayed the proceedings for such length of time as would have sufficed to make diligent effort to secure counsel's presence, if the question asked by the jury revealed that the jurors may have misconstrued the court's definition of "resistance."

We are of the opinion that the question asked did so reveal, and that the failure to clarify the instructions was prejudicial to the rights of defendants. The circumstance under which the rule enunciated in *State* v. *Roberts*, supra, and expounded in Instruction No. 5 wherein ■ it is stated in effect that the law does not require that uttermost resistance upon the part of the alleged victim need be shown, must be bourne in mind. In that case, the argument was made that in order to justify conviction of rape the evidence must show the most vehement exercise of every physical means within the female's power to resist the act and persistence in such resistance until the offense

is consummated. It was in response to such contention that this court, criticizing the rule laid down in the older cases, made the statement in question. Said statement in the *Roberts* case would be enlightening to a member of the bar conversant with the cases which voiced the older rule. However, it might convey little meaning to the lay juryman, or, what might well be more damaging, it might convey too much. We are of the opinion that the instruction given would leave less uncertainty as to the resistance contemplated by law, with the first sentence omitted. By so stating, however, we do not wish to be understood as holding that its inclusion was in itself prejudicial error.

It is, nevertheless, in the light of such instruction that the question asked by the jury must be construed. The question indicated that the jury may have thought that the act of intercourse having been admitted by defendants, if there was a battery in connection therewith, the crime █ of rape was perpetrated. But such is not the law. A battery may have been committed by defendants and yet the resistance of prosecutrix may have been such as to constitute a mere token resistance—the manifestation only of reluctant consent. That the jury may and probably did construe the instruction as indicated hereinabove, is further indicated by the last statement made by the foreman of the jury just prior to the jury's retirement to further consider the case. In answer to a question of the court as to whether the jury had any difficulty with the instructions, the foreman responded,

"I don't believe we have any difficulty understanding the instructions. It is a matter of consistency there, whether one can hold [sic] without the other."

We conclude that error prejudicial to the rights of defendants was committed by the failure of the court to disabuse the minds of the jury as to the apparent misconception of the import of the instructions. The verdict and judgment

are therefore set aside and the case is remanded for a new trial.

PRATT, C. J., concurs.

WADE, Justice (concurring).

In my opinion, this case hinges on whether it is possible for a man to commit an assault on a woman in accomplishing sexual intercourse with her and still not commit rape. That question must be answered in the affirmative. In order to commit rape there must not only be intercourse with a woman against her will and without her consent, but the woman must resist such act with such force as she is reasonably capable of making under the surrounding circumstances and conditions and her resistance must be overcome with force or violence. In order to accomplish a battery, no resistance is necessary as long as it is clear to the person committing the offense that the offended person does not consent thereto. A woman may not consent to the advances of a man and offer some resistance but if she fails to offer all the resistance that she reasonably can under the circumstances, and does not persist in resisting as long as she reasonably can, even though the act is accomplished against her will and without her consent, she has not been raped but a battery might well have occurred. As long as force is applied to a person against her will and without her consent even though the force is not great and there is no active resistance there is a battery, but in order to commit rape there must be active resistance which is overcome by force or violence. So a battery may occur in accomplishing intercourse without rape.

Here, intercourse was admitted and the jury was instructed that in order to find the defendants guilty of rape they must find that intercourse was accomplished against her will and without her consent, and that she resisted all that she reasonably could but such resistance was overcome by "force or violence." Later, the court instructed that battery

was an included offense and that before they could find a battery they must find that the defendants used "force and violence" on the person of the woman. The court required in both cases the use of "force or violence" in order to accomplish the offense, but did not require intercourse in case of a battery. Apparently, the jury thought the distinction between the two offenses was the lack of intercouse in the case of battery and failed to notice that rape required resistance which is overcome by force or violence, and which was not required in case of a battery. Under these circumstances, the jury would naturally wonder how they could consistently find the defendants guilty of a battery and not guilty of rape since intercourse was admitted. This is the problem which I think they tried to present to the court for explanation, they were not bothered in understanding any word, phrase, sentence, or instruction, but their problem was a question of whether they could consistently find the defendants guilty of battery and not find them also guilty of rape, since they admitted intercourse and in both offenses they must find force or violence.

The court told them that it could not clear this matter up for them but that they must determine it for themselves. It is the duty of the court not only to state the law abstractly to the jury, but to apply the law to the facts as they are disclosed by the evidence in the case. Here the court should have pointed out to the jury, after they indicated that their minds were not clear on that question, the facts, aside from intercourse, which must be found in order to constitute rape, in addition to the facts necessary to constitute a battery. They should have been instructed that even though they were satisfied that the defendants were guilty of a battery, they must also find that the woman resisted and that such resistance was overcome by force or violence before they could be found guilty of rape. It might well be that the jury did not recognize the difference between these two offenses under the facts as here disclosed and thought that they

could not consistently find the defendants guilty of battery without also finding them guilty of rape.

I therefore agree that the case should be reversed.

LATIMER, Justice.

I dissent. I believe it might be easier to follow my reasons for dissenting if I set up the facts and circumstances as I gather them from the record.

The two defendants were charged with the crime of rape committed on the 24th day of February, 1947, by accomplishing an act of sexual intercourse with the prosecutrix by force and violence. The trial of the matter proceeded in the usual manner up until the time the attorney for the state commenced his presentation of evidence to show that there had been penetrations. Counsel for defendants then stated to the court and jury that it would not be necessary for the state to establish this element, as it was admitted by both the defendants.

Substantially, then, the only issue of fact was whether or not the acts were committed with the consent of the prosecutrix or over her protest and her resistance.

At the request of the defendants, the court instructed the jury that the crime as charged in the information included the crimes of battery and assault. The court then defined each of the three offenses and instructed the jury on the elements necessary to constitute the particular offense.

After the court had instructed the jury, counsel recorded their exceptions and departed. The jury retired to the jury room and after considering the matter for some time, the jurors returned into open court and the jury foreman stated the following:

"We would like to know this, your honor:
"In view of the fact that they admit—or speaking of the defendants —admit having committed sexual intercourse, can the jury consis-

tently—and we have underlined that—find them guilty of a lesser charge of rape, which would be either of the two other included offenses?"

The trial judge held the jury in the jury box and attempted to contact the attorneys. After some considerable effort, he was unable to do so and thereupon, reconvened court and made the following statement:

"Under the law, gentlemen of the jury, the court is not permitted to re-instruct you in this case. The question that you have asked would require a definition of what you mean by 'consistent', and I can only say this to you, gentlemen of the jury, the instructions of the court seem to be clear to the court. I will ask you if you are having any difficulty understanding the meaning of any instruction. Mr. Aldous, is there any difficulty on that?

"Jury Foreman: I don't think so, your Honor. I think we are fairly clear on the instructions, other than in the one set of circumstances that we outlined in the question. We realize that there are alternatives in the possibilities—that is, several possible verdicts, let me put it that way.

"The Court: You have no difficulty understanding the instructions of the court and the meaning of the instructions, including the manner of procedure of the jury in deliberating? Any difficulty on that, Mr. Aldous?

"Jury Foreman: I don't believe we have had any difficulty understanding the instructions. It is a matter of consistently [sic] there, whether one can hold without the other.

"The Court: That matter, gentlemen, is not for the court to decide. It is a matter for the jury to decide."

The procedure adopted by the trial judge seems to be in keeping with the requirements of Section 105-33-3, U. C. A. 1943, quoted in the majority opinion. This Section requires that new information must be given to the jurors in the presence of or after notice to the prosecuting attorney and the defendant or his counsel. While defendants were present in court at the time the jury returned, the trial judge was unable to reach or contact the attorneys. The statute requires the presence of the attorney for the state, and I seriously doubt the court could proceed without his presence or at least a waiver on his part.

Without detailing all of the colloquy between the jury foreman and the judge, the record indicates that the jurors were not having difficulty in understanding the instructions, except that there seemed to be some doubt about the consistency of a verdict, if it were to be rendered on one of the included offenses. The doubt seems to me to have been a belief that the instructions were inconsistent with the evidence. The trial judge did not believe that he could decide the question of consistency for the jurors, and he, therefore, requested them to resume their deliberations, consider all the evidence and all the instructions given by the court, and try to arrive at one of the four verdicts submitted.

After the jury had again retired to the jury room, deliberations were resumed and approximately an hour and a half later, the jury requested permission to go to dinner. At this time, the foreman of the jury notified the judge that the jury was making some progress and nothing further was said about the prior uncertainty. Some three and a half hours later, the jury returned with a verdict of guilty of the crime of rape as charged.

I have some doubt under the facts of this case, that the included offenses of assault or battery should have been submitted to the jury. Unless the jury disbelieved all of the parties to the act, the defendants were guilty of the crime of rape or were not guilty. Be that as it may, the defendants requested the instructions on the included offenses and are in no position to complain if they invited the confusion.

I am willing to concede that there might be some difficulty encountered by a jury in determining how, under the facts testified to by the defendants, the jury could do anything but find one of two possible verdicts—that is— rape as charged or not guilty. It might require some discussion to determine whether or not a verdict of guilty of battery could be consistent, not with the instruction, but with

the evidence. In my opinion the instructions were clear and were well understood by the jurors. As a matter of fact, the foreman of the jury insisted that they had no difficulty with the clarity of the instructions. The difficulty they encountered was in molding the admissions into the framework of the crimes as defined by the court. Certainly the court could not tell the jury that one verdict could be rendered with consistency while another would be inconsistent. The instructions as given informed the jury that any one of four verdicts might be rendered with consistency, if the jury found the facts met the tests as outlined by the court.

If for the moment, we eliminate the instance of the jury returning to ask the one question, under the holding of the prevailing opinion we have the following situation: The majority of this court holds there is evidence from which the jury could find beyond a reasonable doubt that the defendants were guilty of rape. The majority opinion further finds that the instructions as originally given are correct, and no apparent error is present in the record. I now add the element of inconsistency which was suggested by the jury. The addition of this additional element does not, in my opinion, require a holding that the court below committed reversible error. The trial judge concluded he could not add to or detract from the instructions in the absence of counsel. He, therefore, admonishes the jury to deal with the information already furnished it and continue the study of the instructions submitted. The error is necessarily limited to the court's failure to comment upon the instructions already given and how they can be fitted to the evidence adduced. If the instructions were correct in the original instance, I am unable to conceive how they became erroneous because the trial judge concluded he could not deal with them in the absence of counsel.

I know of no rule of law or of procedure which holds a trial judge to such a high degree of perfection that he errs when he requests a jury to further study the instructions and continue their deliberations. The judge might have done

differently. He could have made further efforts to contact counsel—holding the jury in the jury box, he could have continued the deliberations until the following morning, or he could have followed the course adopted, that is, request the jury to further study the instructions. He may not have selected, what we consider the best method, but that is not the determining factor. The problem posed by this case is whether the means used by the judge were such that we can say he committed prejudicial error.

Whatever confusion existed in this case was solicited by the defendants in their attempt to convince the jury that if convicted, the conviction should be of a lesser offense. Had the trial judge attempted to tell the jury it could consistently find the defendants guilty of one of the included crimes involved in this litigation, then I am certain that such an instruction, given in the absence of counsel, would not only have been the basis of an appeal but would have been the reason for a reversal. As I understand our procedure, a judge is not permitted to single out which offense might be consistent as under the instructions all verdicts which the jury are permitted to consider should be consistent with the facts.

In my opinion, the defendants were fairly tried, the jury was properly instructed and the trial judge did not commit error.

WOLFE, Justice (dissenting).

I concur with Mr. Justice Latimer as to the results of this case, but not with some of his statements. The instructions as to assault and battery being included offenses were requested by the defendants and were given as such. When the state of the evidence in a criminal case is such that in law it excludes the possibility of a jury finding from it a necessarily included lesser offense and leaves only the alternative of finding the defendant guilty or not guilty of the major offense charged, instruction on lesser included of-

fenses should not be given. Intercourse having been in this case admitted, the simple issue which remained was whether it was against the consent and resistance of the prosecutrix. The jurors were confused as to how there could be an issue as to a battery or an assault or any issue other than consent or resistance on the part of the prosecutrix. This confusion could have been cleared up by the court in a few well chosen words, but the failure to do so under the circumstances of this case if error, was not prejudicial. It is on this ground that I concur with the result of Mr. Justice Latimer's opinion. I desire to add that when a jury, by coming back to the court room and requesting clarification of instructions, manifests that it is confused about how or whether the instructions fit together, under the evidence, the court should, while complying with the rules designed for the protection of litigants, do all that it reasonably can to clear up the difficulties. Certainly in a criminal case, first rank in order of importance is that the jury understand what the issues are and the law applicable to the case. There is enough guess work on the part of juries. It is a healthy sign that they manifest sufficient conscientiousness to appeal to the court to clarify matters not clear to them. This should be encouraged. In this case, under the evidence, the defendant suffered no prejudice and they invited the situation which helped to confuse the jury.